J-A06005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :                 PENNSYLVANIA
                            :
           v.                    :
                            :
                            :
WILLIE JAMES HARDY              :
                            :
           Appellant          :   No. 430 WDA 2021

Appeal from the Order Entered March 9, 2021
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0001647-1993

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY MURRAY, J.:         **FILED: AUGUST 11, 2025**

This case returns to us on remand from the Pennsylvania Supreme Court. Willie James Hardy (Appellant) appealed from the order denying his petition for deoxyribonucleic acid (DNA) testing pursuant to Section 9543.1 of the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. This Court previously affirmed the PCRA court's order. **Commonwealth v. Hardy**, 274 A.3d 1240 (Pa. Super. 2022).

However, in **Commonwealth v. Hardy**, 2025 Pa. LEXIS 895, 2025 WL 1688799, No. 42 WAP 2022 (Pa. filed June 17, 2025), the Pennsylvania Supreme Court reversed this Court's decision. Our Supreme Court concluded

---

[*] Retired Senior Judge assigned to the Superior Court. Judge Colins did not participate in this decision.

that (1) Appellant timely filed his petition for DNA testing, **see id.**, slip op. at 52; (2) Section 9543.1(a)(2) erects no hurdle to DNA testing of the previously tested evidence in this case, **see id.**, slip op. at 60; and (3) Appellant met his *prima facie* burden and demonstrated "a reasonable possibility that testing of at least some of the identified evidence would produce an exculpatory outcome, through which [Appellant] could establish his actual innocence." **Id.**, slip op. at 68-69.

Nevertheless, the Supreme Court "decline[d] at this junction to parse each item of evidence that [Appellant] seeks to subject to DNA testing or to opine as to whether each meets the statutory requirements for testing." **Id.**, slip op. at 69. The Supreme Court left "the assessment of individual items to the lower courts and the parties on remand." **Id.** The Supreme Court further recognized that "the parties are free to engage in good-faith discussion and to enter into any appropriate stipulations that might be reached concerning the scope of the requested testing." **Id.**

In light of the Supreme Court's decision, and its recognition that the scope of testing may be subject to discussions and stipulations between the parties, we conclude that remand is appropriate for the required assessment. We therefore reverse the PCRA court's order denying DNA testing, and remand for further proceedings in accordance with the Supreme Court's directive.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Sullivan joins the Judgment Order.

Judge Colins did not participate in the consideration or decision of this Case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/11/2025